FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 MAR 18 PM 12:44

U.S. DISTRICT COURT
N.D. OF ALABAMA

WILLIE T. MURRY, ET AL., }
}
    Plaintiffs }
}    CIVIL ACTION NO.
vs. }
}    95-AR-2841-S
GRIFFIN WHEEL COMPANY, }
a division of }
Amsted Industries, Inc., }
}
    Defendant }

CNo

**ENTERED**

MAR 1 8 1997

**MEMORANDUM OPINION**

The above-entitled case is an amalgam of five consolidated cases, including CV 96-AR-112-S, CV 96-AR-798-S, CV 96-AR-830-S and CV 96-AR-3299-S, in which plaintiffs, who are black and/or female, are employees or former employees of defendant, Griffin Wheel Company, a division of Amsted Industries, Inc. ("Griffin Wheel"). Plaintiffs claim that Griffin Wheel violated Title VII and 42 U.S.C. §1981 by denying them promotion out of bargaining unit positions into non-bargaining unit positions. Briefs and oral arguments have been presented and considered in support of and in opposition to plaintiffs' motion for leave to amend their consolidated complaint to invoke Rule 23, F.R.Civ.P., for the purpose of seeking the certification of a class which plaintiffs propose to represent. Griffin Wheel contemporaneously moved for a protective order limiting plaintiffs' discovery, deeming the

29

information requested too broad and unnecessary, especially if plaintiffs are required to proceed individually, and more especially, to the extent any claims of discriminatory treatment are of the kind and character that are mandatorily arbitrable under the collective bargaining agreement. Griffin Wheel properly points out that any issues of discrimination to the extent covered by the collective bargaining agreement must be grieved and that as to such claims the union would be an indispensable party.

All of the named plaintiffs are or have been employees at Griffin Wheel's plant in Bessemer, Alabama. Griffin Wheel has four other plants located elsewhere. The putative class, as yet somewhat ambiguously described, is not limited to employees at the Bessemer plant. During oral argument plaintiffs said that they are willing to limit the class to the employees at the five plants operated by Griffin Wheel, a division that is not a corporate subsidiary of Amsted Industries, Inc.

In view of plaintiffs' further concession that they do not and will not complain of any adverse employer decisions respecting job assignments and promotions <u>except</u> as to positions outside the jobs covered by the collective bargaining agreement, Griffin Wheel's motion for compulsory arbitration will be deemed moot.

Plaintiffs' motion for leave to add class allegations presents a somewhat more difficult question, but not a question which gives the court much pause.

There are several reasons, including those advanced by Griffin Wheel, why this court will decline plaintiffs' request for leave to invoke Rule 23.

First, to allow class allegations now would force a postponement of the disposition of a case originally filed on November 6, 1995, making this case one of this court's oldest cases. It would cause the initiation of expensive discovery in preparation for a class certification hearing which, if there had been a Rule 23 invocation in the original complaint, would have long ago been held. Rule 23 requires a class determination hearing as soon as practicable, and that requirement cannot be sidestepped by the expedient of waiting until a much later-filed similar case is consolidated with the earlier case in which class certification could have been, but was not, sought. *See Rones v. National Association for the Advancement of Colored People*, __ F.R.D. __, 1997 WL 34928 (D.C.C., January 27, 1997). Although there is nothing that inherently forbids a belated conversion to class treatment, such a conversion is the exception and not the rule.

Second, it is difficult, if not impossible, for this court to comprehend how a series of disparate treatment race and sex cases can be made fully compatible with what plaintiffs' counsel now describes as both a disparate treatment case and a disparate impact case. Plaintiffs argue in their motion for leave to amend, *inter alia*:

3

> Plaintiffs seek to add class allegations because discovery <u>may</u> reveal that this matter meets certification criteria and can be more efficiently prosecuted as a class action.

(emphasis supplied). Plaintiffs are admitting to speculation. The burden of proof under Rule 23 is on the representatives of a putative class. They cannot indulge in wishful thinking. Rule 23, F.R.Civ.P.; *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 456 (11th Cir. 1996). The trial court necessarily has a great deal of discretion in this circumstance, because it is the trial court which will have to manage either a substantial number of individual claims or a complicated class action. *Freeman v. Motor Convoy, Inc.*, 700 F.2d 1339, 1347 (11th Cir. 1983). This court discerns that a class action would be <u>less</u> efficient than individual treatment, and would, in fact, be <u>unmanageable</u>. This being so, there can be no profit for the court or for the parties to spend time exploring the requisites for a Rule 23 determination in addition to the manageability component. The most recent and forward-looking expression on this subject by the Eleventh Circuit is found in *Andrews v. American Tel. & Tel. Co.*, 95 F.2d 1014, 1023 (11th Cir. 1996), in which that court said:

> Issues of class action <u>manageability</u> encompass the "whole range of practical problems that may render the class action format inappropriate for a particular suit." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164, 94 S.Ct. 2140, 2146, 40 L.Ed.2d 732 (1974); *see also Windham*, 565 F.2d at 70 (stating that, while the district court "should not decline to certify a class because it fears that insurmountable problems may later appear," if the court finds "that there are serious problems *now appearing*, it should not certify the class <u>merely on the assurance</u> ... <u>that some solution</u>

4

> will be found") (citation omitted). We conclude that the district
> court abused its discretion in certifying the classes because the
> court underestimated the management difficulties that would persist
> as these suits proceeded as class actions.

(emphasis on the words "manageability" and "merely on the assurance ... that some solution will be found" supplied) (emphasis on the words "now appearing" the Eleventh Circuit's). Counsel for plaintiffs in oral argument, to use the words from *Andrews*, "merely assure the court that some solution will be found," but this court is not willing to rely on such a mere assurance, even though counsel is highly qualified and is experienced in class litigation.

What is particularly interesting about *Andrews* is that the binding appellate court there found that the trial court had abused its discretion in <u>certifying</u> a class. While this court might get by with certifying the class here requested, this court readily acknowledges that, even with good help from good lawyers, this court lacks the intellectual capacity, the strength of purpose, the learning, the ambition, the ability to innovate or the patience, to ride herd on this particular "would-be" class, much less the willingness to cooperate in what this court's experience tells it would inevitably end up (assuming that this senior judge would be around at the point of disposition) as a contrived "settlement" with some sort of injunctive relief, a cockamamie distribution of settlement monies to class members who necessarily suffered

entirely different amounts of alleged lost wages and mental anguish. Of course, there would also be the attorneys fee question. Any monies obtained to punish Griffin Wheel would perhaps be easier to divide, but the problems to be addressed before reaching that problem would be virtually insurmountable. The court is exhausted just thinking about it. To grant plaintiffs' request would fly in the face of this court's conception of "due process " that requires manageability as well as fairness.

A separate, appropriate order will be entered.

DONE this __18th__ day of March, 1997.

                                   _/s/ William M. Acker_
                                   WILLIAM M. ACKER, JR.
                                   UNITED STATES DISTRICT COURT